Jones *v.* Jones' Adm'rs.

*Per Curiam.*—The judgment below is affirmed, with costs and 1 per cent. damages.

*D. Mace* and *W. C. Wilson*, for the appellant.

*H. W. Chase* and *J. A. Wilstach*, for the appellee.

———————

JONES *v.* JONES' Adm'rs.

The ruling herein relates chiefly to the sufficiency of evidence, and the reader is referred thereto at length.

APPEAL from the *Franklin* Circuit Court.

DAVISON, J.—The appellant, who was the plaintiff, brought an action against the appellees, alleging in his complaint that one *James Jones,* on the 1st of *September,* 1849, died, leaving a will, whereby he devised to said *Daniel D. Jones,* his son, the plantation on which he, the testator, then lived, containing 266 acres, reserving one-third of the rents, issues and profits thereof to his wife, *Mary Jones,* during her natural life; which rents, &c., she received until the 1st of *November,* 1854, when *Daniel D. Jones,* the devisee, sold the land to the plaintiff for 7,350 dollars, for which sum the plaintiff gave his notes, as follows: one note for 1,350 dollars, payable on the 1st of *January,* 1855, and six other notes for 1,000 dollars each, payable in one, two, three, four, five and six years from the first of *January,* 1855, with interest, &c.; that at the time of the sale it was agreed between the parties that in consideration that the plaintiff would accept a quit claim deed for the land, with the incumbrance aforesaid, and would furnish support and maintenance to said *Mary Jones* to the amount of 100 dollars per year, during her natural life, that

he, *Daniel D. Jones*, would pay to the plaintiff 100 dollars per year during her life, or credit 100 dollars on said notes for each and every year she might live. And the plaintiff avers that he did take a quit claim deed for said land, and did furnish support and maintenance for said *Mary* to the amount of 100 dollars for each and every year from the day of the sale of the land up to the filing of this complaint, amounting, in the whole, to 600 dollars, besides interest, and that he still supports and maintains her. But the plaintiff says that *Daniel D. Jones*, while in life, did not pay, nor have his administrators since his death paid, the 100 dollars per year, in accordance with his agreement, or any part thereof. Nor has he, nor have they, credited the same or any part thereof, on said notes or either of them, &c.

Defendant answered: 1. By a denial. 2. That the supposed undertaking of *Daniel D. Jones*, their intestate, as alleged, was not in writing, and was not to be performed within one year, and is, therefore, void by the statute of frauds, &c. 3. That six years has elapsed since the promise, &c., was made, and that the same was not in writing. Plaintiff, as to the second and third paragraphs of the answer, replied by a denial. And further, as to the second, he replied specially as follows: "That the promise and undertaking alleged, &c., was to be performed, by the intestate, by the payment of 100 dollars to the plaintiff for each and every year during the lifetime of *Mary Jones*, as stated in the complaint, and plaintiff admits that the contract was not in writing, &c." Defendants demurred to this special reply, but the demurrer was overruled and they excepted. Verdict for the defendants; motion for a new trial refused and judgment, &c.

The errors assigned are: 1. The verdict is contrary to law. 2. It is unsustained by the evidence.

The appellant contends that the verdict is contrary to law, because the contract, as set up in the complaint, is not void

by the statute of frauds. We are unable to perceive the force of this argument. The Court, on its ruling upon the demurrer to the reply to the second defence, decided the point on which the appellant now relies in his favor, namely: that the contract set up, &c., was not within the statute. And hence the jury, for aught that appears in the record before us, had nothing to do with the law arising upon the averments in the pleadings to which we have referred. It was simply their province to determine whether the facts therein alleged were proved by the evidence. Indeed the only question in the case relates to the sufficiency of the evidence. We have examined it carefully and, though it is to some extent conflicting, we are of opinion that its weight sustains the verdict.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. M. Johnson*, for the appellant.

*W. Morrow*, for the appellees.